Elmer L. CORBETT, Petitioner—
Appellant,

v.

Silvia GARCIA, Warden, Respondent—
Appellee.

No. 02–56337.

D.C. No. CV–01–00791–CAS.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before BROWNING, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM**

California state prisoner Elmer L. Corbett appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition, contending that the evidence was insufficient to support his "three-strikes" conviction for possession of crack cocaine in violation of California Health and Safety Code section 11351.5. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Corbett contends that the evidence of cocaine base was insufficient to support his conviction, and habeas relief is warranted, because the government's tests did not establish conclusively that the substance was cocaine base rather than cocaine. We disagree. The California trial court's determination was supported by the testimony of both the arresting officer and another officer with experience in drug recognition. An experienced officer may identify a substance with which he is familiar. *United States v. Ferguson,* 555 F.2d 1372, 1373 (9th Cir.1977) (per curiam). Moreover, the court's determination was supported by Corbett's own corroborating statements, and the fact that the relevant test result was consistent with cocaine base. Corbett has failed to show that, looking at the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Accordingly, the district court did not err in denying Corbett's petition. *See Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 359–60, 154 L.Ed.2d 279 (2002) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

